United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 03-20378
Summary Calendar

————————————

KEVIN MCGAUGHY; DAVID MCGAUGHY,

Plaintiffs-Appellants,

versus

THE CITY OF HOUSTON, TEXAS; ET AL.,

Defendants,

THE CITY OF HOUSTON, TEXAS; THOMAS P. NIXON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2417
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kevin and David McGaughy appeal the district court's summary judgment in favor of the City of Houston and Police Officer Thomas Nixon and the denial of their summary-judgment motion. They argue that their arrest was unreasonable under the Fourth and Fourteenth Amendments because Nixon had no warrant or probable cause to arrest them inside their hotel room and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged Class C misdemeanor city ordinance fire code violation was not committed in Nixon's presence or view.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

The McGaughys' argument that their arrest was "per se unreasonable" under the Fourth Amendment because Nixon had no warrant and the alleged misdemeanor was not committed in Nixon's view or presence is foreclosed by this court's decision in Fields v. City of South Houston, Texas, 922 F.2d 1183, 1189 (5th Cir. 1991). Although the Constitution does not require a warrant for misdemeanors not committed in the presence of the arresting officer, it does require that such an arrest be supported by probable cause. See id. Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." Glenn v. City of Tyler, 242 F.3d 307, 313 (5th Cir. 2001) (internal quotation marks and citation omitted). A police officer is entitled to qualified immunity for an arrest if a reasonable person in the officer's position could have believed he had probable cause to arrest. Id.

As the district court determined, it was undisputed that a fire was set in the McGaughys' hotel room. The McGaughys admit that there was a faint odor of smoke when Nixon entered the hotel room and that he discovered some burnt paper in a waste basket. There was also no dispute that hotel personnel found it necessary to alert the police and fire departments regarding the fire. The record also shows that hotel employee Roberto Dorta informed Nixon, upon his arrival at the hotel, of suspicious actions on the part of the McGaughys. Based on the above undisputed facts, Nixon's arrest of the McGaughys was at least "arguably reasonable." See Glenn, 242 F.3d at 313.

Contrary to the McGaughys' contentions, Nixon was not required to accept the McGaughys' explanation that the fire was accidental "if the surrounding circumstances would validly lead a reasonable officer to conclude that [a crime had been committed]." See id. at 313 n.3. Furthermore, "probable cause is not destroyed by a suspect's denial." Id. (citation omitted). Although the McGaughys also assert that it was never proved that a violation of any law occurred, probable cause does not require proof beyond a reasonable doubt, but only a showing of the probability of criminal activity. United States v. Brown, 941 F.2d 1300, 1302 (5th Cir. 1991).

Although the McGaughys complain that Nixon entered the room without knocking, without consent, and without a warrant, the fact that their hotel room was potentially on fire constituted an "exigent circumstance" rendering Nixon's warrantless entry into the room reasonable. See Michigan v. Tyler, 436 U.S. 499, 511 (1978). Although the McGaughys contend that, after entering the room and confirming that there was no fire, Nixon was required to leave and obtain an arrest warrant, they rely on authority that did not involve exigent circumstances.

In their reply brief, the McGaughys argue that the City should be held liable under 42 U.S.C. § 1983 for Nixon's alleged unconstitutional actions. Because the McGaughys did not brief their municipal-liability claims against the City in their opening brief, those claims have been waived. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

Based on the foregoing, the district court's judgment is AFFIRMED.